UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEXAS LIFE INSURANCE CO., | ) ) ) ) |
| Plaintiff, | ) No. 4:13-CV-2019 JAR |
| v. | ) ) ) |
| NEIL S. PACKMAN, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Discharge and for Payment of Attorney Fees and Costs (ECF No. 22) and the Amended Affidavit of Sara Finan Melly (ECF No. 26). In the Amended Affidavit, Plaintiff asks for $8,300.00 in attorney's fees and $740.50 in costs for the filing of the interpleader. No objection or response was filed by any of the Defendants.

**A. Attorneys' Fees**

It is within the Court's discretion to award reasonable attorney's fees to a disinterested stakeholder in an interpleader action from funds deposited in the Court registry. Transamerica Life Ins. Co., Inc. v. Lambert, 4:12-CV-1253 CAS, 2013 WL 328792, at *2 (E.D. Mo. Jan. 29, 2013)(citing Millers Mut. Ins. Ass'n v. Wassall, 738 F.2d 302, 304 (8th Cir.1984)). A disinterested stakeholder "should not ordinarily be out of pocket for the necessary expenses and attorney's fees" it incurred in filing the interpleader action. Hunter v. Federal Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940). "In the usual case the fee will be relatively modest, inasmuch as all that is necessary is the preparation of a petition, the deposit in court or posting of a bond,

service on the claimants, and the preparation of an order discharging the stakeholder." Stonebridge Life Ins. Co. v. Litherland, No. 4:10–CV–1231 (CEJ), 2011 WL 743753, at *2 (E.D.Mo. Feb. 23, 2011) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1719 (3d ed.1998)).

A fee award "should be limited to compensation for those services strictly related to the interpleader itself" and should not include attorney time "devoted to limiting the liability of their own client" or in briefing the attorney's fee issue. Equifax, Inc. v. Luster, 463 F.Supp. 352, 357 (E.D.Ark.1978), aff'd sub nom Arkansas Louisiana Gas Co. v. Luster, 604 F.2d 31 (8th Cir. 1979) (per curiam).

This Court applies the lodestar method of determining a reasonable attorney fee from Hensley v. Eckerhart, 461 U.S. 424 (1983), in the context of a statutory interpleader action. Transamerica Life Ins. Co., Inc., 2013 WL 328792, at *2 (citing Stonebridge, 2011 WL 743753 at *3; see also 4 James Wm. Moore, et al., Moore's Federal Practice § 22.06 (3d ed.2012) (federal law should apply to attorney's fees issues in statutory interpleader cases)). Under Hensley, "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (citing Hensley, 461 U.S. at 433). The onus is on the party seeking the award to provide evidence of the hours worked and to support the rate claimed. Id. at 433. "The district court should also exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434.

A district court has "broad discretion" in determining the amount of an attorney's fee award. Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000). The trial court is considered an expert in the reasonableness of attorney's fees. Trim Fit, LLC v. Dickey, No. 4:06-CV-49, 2008

U.S. Dist. LEXIS 101091, at *19 (E.D. Mo. Nov. 6, 2008); American Bank of Princeton v. Stiles, 731 S.W.2d 332, 339 (Mo. Ct. App. 1987) ("reasonableness of attorneys' fees is a matter of law to be decided by the court").

The Court finds that some of the attorney's fees requested are not compensable. The Court finds that the hourly billable rates ($400 and $350 per hour) of the partners are not unusual for this area. The Court, however, finds that a number of the entries are for tasks that were not associated with the actual preparing and filing of the interpleader action. Rather, several requested items were performed in order to protect the interest of the stakeholder and research its liability, or to update the client regarding the status of the case. The Court finds that such requested amounts are not compensable.

The Court finds the following time entries to be compensable. The Court blue-penciled several of these entries, and reduced the corresponding fee award, because they included time for attorney-client communications that the Court did not believe were related to the preparation or filing of the interpleader action or were otherwise not compensable.

The following items billed by Clark Cole are compensable. Mr. Cole billed $400 per hour.

| 10/9/2013 | .1 | 40.00 | Analyze filing needs relative to interpleader action. |
| 10/10/2013 | .3 | 120.00 | Work on interpleader pleadings. |
| 11/11/2013 | .1 | 40.00 | Review email from Trustee re status. |
| 12/9/2013 | .1 | 40.00 | Analyze options and strategies re service of process. |
| 2/12/2014 | .1 | 40.00 | Review status of service and answers and analyze strategic next steps. |
| Total | .7 | 280.00 | |

The following items billed by Sara Finan Melly are compensable. Ms.Melly billed $400 per hour.

| 10/3/2013 | 3.0 | 1050.00 | Analyze documents in claim and policy file re information for inclusion in interpleader; prepare complaint in interpleader, motion to deposit interpleader funds, and order granting motion to deposit interpleader funds. |
|---|---|---|---|
| 10/9/2013 | 1.4 | 490.00 | Revise complaint in interpleader; prepare disclosure of corporate interests, summons, original filing sheet, motion for special process server, and civil cover sheet. |
| 10/10/2013 | 1.9 | 665.00 | Finalize and file petition. |
| 10/17/2013 | .3 | 105.00 | Finalize and file motion to deposit interpleader proceeds and proposed order granting same. |
| 12/9/2013 | 2.0 | 700.00 | Prepare documents for service on trustees; research address to serve Barry Woods and process for obtaining service in Puerto Rico; telephone conferences and correspondence with various process servers in Puerto Rico; correspondence to process servers transmitting documents for service on trustees. |
| 12/16/2013 | .2 | 70.00 | Telephone conference with process server in Puerto Rico re attempted service on Barry Woods. |
| 12/19/2013 | .5 | 175.00 | Correspondence with process servers re attempted service on Barry Woods and obtained service on Neil Packman and Laura Stefacek |
| 12/26/2013 | .5 | 175.00 | Telephone conference with process server re attempted service on Cynthia Cherre; correspondence with process server re same and service fee; receipt and review of incoming returns of service re Neil Packman and Laura Stefacek; prepare memorandum of service re Neil Packman and Laura Stefacek. |
| 1/10/2014 | 1.0 | 350.00 | Telephone conference with Neil Packman re interpleader issues; analyze fax received from Neil Packman re interpleader complaint; attention to issues re serving Barry Woods at address in Colorado provided by Neil Packman; telephone conference with and correspondence to Colorado process server; prepare request to appoint additional process server in Colorado. |
| 1/17/2014 | .1 | 35.00 | Telephone conference with process server re serving Barry Woods. |
| 1/20/2014 | .2 | 70.00 | Correspondence with process server re service on Barry Woods; analyze attempts to serve Cynthia Cherre and correspondence to process server. |
| 1/21/2014 | .3 | 105.00 | Telephone conference with process server re service on Barry Woods; telephone conference with Bret Rich, attorney for all trustees but Barry Woods. |

| 1/30/2014 | .4 | 140.00 | Analyze entry of appearance and answer filed by Packman, Cherre, and Stefacek; prepare updated motion to deposit interpleader funds. |
|---|---|---|---|
| 2/11/2014 | .2 | 70.00 | Finalize and file motion to deposit interpleader funds and proposed order re same. |
| 2/12/2014 | .2 | 70.00 | Analyze order granting motion to deposit interpleader funds; coordinate deposit of check with court. |
| 2/13/2014 | .2 | 70.00 | Telephone conference and correspondence with Matt Rossiter re request for extension of time to file responsive pleading for Barry Woods. |
| 2/14/2014 | .1 | 35.00 | Analyze motion for additional time to file responsive pleading for Barry Woods and order granting same. |
| 2/18/2014 | .1 | 35.00 | Correspondence with process server re stopping service attempts on Cynthia Cheree. |
| Total | 12.60 | 4,410 | |

The Court finds that Plaintiff is entitled to $280.00 for Mr. Cole's fees and $4,410 for Ms. Melly's fees for the preparation and filing of the interpleader and for obtaining service of process on the trustees, for a total of $4,690.00. The Court denies Plaintiff's request for all other attorney's fees.

B. Costs

The Court reviews Plaintiff's request for its costs expended, which is governed by Rule 54(d), Fed. R. Civ P., see 4 Moore's Federal Practice § 22.06, and 28 U.S.C. § 1920. Stonebridge, 2011 WL 743753, at *4; Transamerica Life Ins. Co., Inc., 2013 WL 328792, at *4. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232–33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir.1982).

Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828.

The Court finds that Plaintiff is entitled to its $400 filing fee. "Although § 1920 authorizes recovery of fees of the marshal, the Eighth Circuit has held that the statute does not contain a provision for recovery of fees paid to a private process server." Transamerica Life Ins. Co., Inc., 2013 WL 328792, at *5; Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir.1985). Thus, the subpoena costs are not recoverable because the subpoenas were served by a special process server and not a U.S. Marshal. Tinker v. Acuity, 4:11CV1286 TIA, 2013 WL 3929067, at *1 (E.D. Mo. July 29, 2013). The Court awards Plaintiff $400 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discharge and for Payment of Attorney Fees and Costs [22] is **GRANTED**, in part. Plaintiff is entitled to recover from the funds deposited in the Court's Registry its attorney's fees in the amount of $4,690.00 and costs in the amount of $400, for a total of $5,090.00. A Partial Judgment and Payout Order shall accompany this Memorandum and Order.

Dated this 10th day of April, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**